St. Paul National Bank *vs.* Thomas E. Cannon, impleaded, etc.

April 21, 1891.

**Estoppel of Pledgee of Note by Judgment for Maker in Suit by Pledgeor.**—If a pledgee of a promissory note acquiesces in the prosecution of an action by the pledgeor against the maker, to recover on the note, and lends his aid to such a recovery by voluntarily allowing the pledgeor to produce the note at the trial as evidence of his right to recover thereon, the pledgeor will be concluded by the result of the action, so that, the defence of payment being successfully made by the maker, the pledgee cannot subsequently recover against the maker in an action prosecuted by him. The doctrine of estoppel *in pais* is applicable.

**Same—Evidence.**—Evidence considered as tending to show such a case.

**Note Payable at Bank—Deposit by Payor to Pay it, when not a Payment.**—A promissory note being payable at a specified bank, the mere deposit of money in such bank, to be applied in payment of the note, does not constitute payment, the note not having been left there by the holder for collection or payment. The bank receives the money as the agent of the person depositing it.

**Same—Suit by Holder for the Deposit—Subsequent Suit on Note.**—The holder of the note, suing the bank to recover the money thus deposited, does not thereby admit the payment of the note, and is not precluded by such an action from afterwards suing the maker. The remedies are not inconsistent.

**Same—Pledgee as Bona Fide Holder—Recovery, when Limited to Debt Secured.**—An indorsee of negotiable paper before maturity, as collateral security for a debt then contracted, stands in the position of a *bona fide* purchaser; but if, in an action against the maker, the latter shows a good defence as to the pledgeor, the recovery against him should be limited to the amount of the principal debt for which the collateral security is held.

Action in the district court for Ramsey county against Cannon, the maker, and Wm. Heiser, the payee and indorser, of a promissory note, the former alone defending. Trial before *Kelly*, J., and verdict for $570.38 directed for plaintiff. Appeal by defendant Cannon from an order refusing a new trial.

*James H. Foote*, for appellant.

*William G. White*, for respondent.

DICKINSON, J.[1]    The plaintiff, as an indorsee of a promissory note, seeks by this action to recover thereon against the maker.   The note was made by the defendant in April, 1888, payable on or before one year thereafter to one Heiser, at the Bank of Minnesota.   It was conclusively shown by the evidence that before the maturity of the note it was pledged to the plaintiff bank by one Houghtaling, as collateral security upon a discounting of Houghtaling's note by the bank.   When Houghtaling presented the note as such security it bore the indorsement in blank of the payee, Heiser.   It is claimed on the part of the defendant that the plaintiff was barred or estopped by a former action prosecuted by Houghtaling against this defendant to recover on the same note.   This was after Houghtaling had transferred the note to this plaintiff as collateral security.   It is alleged in defence that in that action judgment was rendered against Houghtaling on the ground that the note had been paid at maturity.   On the trial the court allowed the defendant to introduce evidence to show that this plaintiff had consented to the prosecution of the action by Houghtaling. Afterwards, and upon the motion of the plaintiff to strike out such evidence on the ground that it did not show such consent, the court struck out the evidence.   The striking out of this evidence is one of the grounds of error assigned.   We will assume that the answer was sufficient to entitle the defendant to produce this evidence if the fact sought to be established by it would have constituted a defence.   The motion of the plaintiff, and the ruling of the court striking out the evidence, were not based upon the insufficiency of the answer, but on the ground that the evidence did not go to make out a defence.   Nor on this appeal is it urged that the evidence should have been stricken out because of any insufficiency in the answer.   We are therefore to consider whether this evidence tended to show a defence.

We are satisfied that from the evidence in question it might have been found as facts that Houghtaling commenced the former action without the knowledge or consent of this plaintiff, which then held the

[1] Gilfillan, C. J., and Collins, J., took no part in this case.

note as collateral security; that afterwards, and before the trial of that action, the bank was advised of its pendency, and knew that thereby Houghtaling was seeking to recover against this defendant as the maker of the note, Houghtaling claiming to be the holder of it; that with this knowledge the bank consented to produce the note at the trial, and on the day of the trial did send the note to Houghtaling's attorney, and he produced it on the trial as evidence of the plaintiff's (Houghtaling's) right to recover. If such were the facts, the bank should be now estopped to prosecute this action, after a judgment on the merits in the former action. By the transfer of the note to the bank as collateral security, Houghtaling had conferred the legal title upon the pledgee, with the right to enforce and make available the security by action against the maker; and thereby the right of Houghtaling to recover on the note was necessarily suspended, for that would be inconsistent with the right of the pledgee, by action on the note, to make the pledged security available. *Lamberton* v. *Windom*, 12 Minn. 151, (232, 246.) Nor, as it would seem, could the pledgeor have successfully maintained that action without the acquiescence and consent of the bank. He could not have shown a right to recover as the holder of the note without producing it, and thus showing that he was the holder. *Armstrong* v. *Lewis*, 14 Minn. 308, (406.) The bank could not well be called upon to produce the note in support of Houghtaling's right of recovery without being so far informed of the facts that it would be chargeable with notice of the nature of the action. In such case, as the maker ought not to be held doubly liable on the note, both to the pledgeor and to the pledgee, it would be the duty of the bank, even though compelled by *subpœna duces tecum* to produce the note, to disclose its own title, which, as must be assumed, would defeat a recovery by the pledgeor. But it is fair to construe the act of the bank in the former action as indicating its consent to so far waive its rights as pledgee as to allow the pledgeor to recover in his action against the maker. From its sending the note to Houghtaling's attorney in order that it might be produced on the trial in support of his right of recovery, the bank forbearing to assert its own right inconsistent with that of Houghtaling in that action, such consent or waiver might be inferred. If the

v.46m.—7

bank thus waived its right, and voluntarily lent its aid to enable the pledgeor to recover, the action might properly be maintained by Houghtaling; and, after judgment on the merits, whether in favor of Houghtaling or against him, the bank ought not to be heard to say that, because its right to recover on the note had not been adjudicated, it should be allowed to prosecute this action against the same defendant, as maker of the note. The doctrine of estoppel *in pais* is applicable. If under the circumstances Houghtaling had recovered judgment against the maker for the amount of the note, it would seem plain that this plaintiff ought not to be allowed afterwards to recover a second time against the maker for the same cause of action. But the principle of estoppel is equally applicable whether Houghtaling recovered judgment or the defendant succeeded in establishing the defence of payment, or any other defence. He was subject to the necessity of defending and to the risk of a recovery against him. It may of course be that the bank could not be prejudiced by an action by the pledgeor if it had pursued a course of conduct consistent with the holding to its own rights as a pledgee, and not such as to prejudice the defendant. Indeed, in that case we do not see how the defendant could have been subject to any risk of a recovery against him in the former action, or to any other prejudice than being compelled to defend an action which the plaintiff had no right to maintain. For that this plaintiff, if without fault in its conduct, could not be held responsible. It is therefore considered that it was error to strike out the evidence relative to the Houghtaling action. This renders a new trial necessary.

Some other questions are involved in the case upon which it is expedient that our opinion be expressed, as they may be expected to arise again upon another trial.

The defence was made that the note had been paid at maturity. The court directed a verdict for the plaintiff; and now the question is presented as to whether the evidence tended to show a payment. The note was secured by a mortgage on real estate executed by the maker to the payee. It appeared that after the giving of the note and mortgage by the defendant, he sold the mortgaged premises to one Loeffelholz, who assumed the payment of the note. It is al-

leged in the answer that at maturity Loeffelholz did pay the note at the Bank of Minnesota, "by depositing and leaving with said bank a sum of money sufficient to pay said note and mortgage, and then and there instructing said bank to pay said money to the lawful owner thereof." It is admitted that the money was paid to the Bank of Minnesota by Loeffelholz. The note was not at the bank, but was then held by the plaintiff as collateral security. Although the note was by its terms payable at the Bank of Minnesota, the mere depositing the money in that bank, in order that it might be applied in payment of the note, did not constitute a payment of it. In such a case the bank receiving the money is to be regarded as the agent of the person paying it, the holder of the note not having deposited it at the designated place for collection or payment. The law is well settled. *Adams* v. *Hackensack Improvement Commission,* 44 N. J. Law, 638; *Hills* v. *Place,* 48 N. Y. 520; *Caldwell* v. *Cassidy,* 8 Cow. 271; *Williamsport Gas Co.* v. *Pinkerton,* 95 Pa. St. 62; *Wood* v. *Merchants' Saving, etc., Co.,* 41 Ill. 267; *Caldwell* v. *Evans,* 5 Bush, 380; *Ward* v. *Smith,* 7 Wall. 447; *Freeman* v. *Curran,* 1 Minn. 144, (169;) 3 Rand. Com. Paper, § 1119, and cases cited. The court was therefore right in considering that the case did not show a payment of the note.

There is no claim that the note was paid, unless in the manner above stated. It was therefore not important that this plaintiff afterwards brought an action against the Bank of Minnesota to recover the amount of the note, alleging as the ground on which recovery was sought that the maker had deposited with the defendant bank the money necessary to pay the note, with instructions to pay the same to the lawful holder of the note. This allegation was not an admission that the note had been *paid,* and the maker's obligation thereby discharged. Nor was this plaintiff precluded by that action from afterwards seeking to recover against the maker. The remedies were not inconsistent, so that resorting to the former should be deemed an election to relinquish the latter.

The defendant was not by the rulings of the court deprived of the right to show that the plaintiff knew that Houghtaling had not good title to the note when he pledged it to the plaintiff; and the evidence

presented did not show that the plaintiff, taking the note as collateral security, was not entitled as a *bona fide* purchaser to the benefit of the security. It is urged, however, that the plaintiff's recovery should have been limited to the amount of the principal debt to secure which this note was pledged, and that for the purpose of thus limiting the recovery the defendant should have been allowed to show that Houghtaling acquired the note from one Maxwell, that the title of the latter was defective, and that Houghtaling knew this. Without considering the precise nature of the fact proposed to be proved, which is not very clearly shown in the case, it will be sufficient to say that, as we understand the law to be, although an indorsee of negotiable paper before maturity, as collateral security for a debt then contracted, stands in the advantageous position of a *bona fide* purchaser, and may recover as such against the maker, yet, if the maker can show a good defence as to the pledgeor, he is entitled to have the recovery limited to the amount of the principal debt for which the collateral security is held. Whatever the pledgee recovers in excess of that, he holds for the benefit of the pledgeor; and it is apparent that a recovery should not be enforced for the benefit of another when the latter would himself have had no right to recover. *Union Nat. Bank* v. *Roberts,* 45 Wis. 373; *Chicopee Bank* v. *Chapin,* 8 Met. 40; Jones, Pledges, §§ 674, 675.

Order reversed.