## BAILEY & SON v. WELLS.

RES JUDICATA—ESTOPPEL.—When the assignee of a note and mortgage at request of assignor sends it to attorneys designated by assignor for suit, has notice that suit has been commenced by attorneys in name of assignor, and takes no steps to repudiate the transaction, he is estopped from suing on same after judgment against assignor, and all questions as to liability of maker are determined by such judgment. The fact that assignor before suit informed maker that he held the papers, cannot affect it.

Before ALDRICH, J., Newberry, March, 1903. Reversed.

Action by Bailey & Son against Mary Frances Wells. From Circuit decree, defendant appeals.

*Messrs. Schumpert & Holloway,* for appellant, cite: *As to res judicata—estoppel:* 52 S. C., 166; 17 S. C., 35; 19 S. C., 150; 58 S. C., 142; 57 S. C., 551. *As to rights of assignee— set off:* 1 Bay, 247; 2 Tr. Con. R., 498; 5 Strob., 144; 11 Rich., 383; 28 S. C., 217; 56 S. C., 316; 24 Am. St. R., 189.

*Messrs. Johnstone & Welch,* contra, cite: *As to privies:* 17 S. C., 40. *As to estoppel:* 24 Am. St. R., 189. *As to right to sue on collateral:* 22 Ency., 2 ed., 896; 57 Ala., 43; 143 Ind., 579; 4 Ind., 425; 23 Kan., 483.

March 4, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. As her first defense to this action for foreclosure, the defendant alleges that a judgment in her favor in the suit instituted by one George T. Reid to foreclose the same mortgage is binding on the plaintiffs by reason of their conduct respecting that suit.

These are the material facts of the Reid suit so far as they affect this issue. The defendant gave to Reid a note and mortgage for $1,060.35 on January 22, 1887, which he subsequently assigned to the plaintiffs, along with other collateral, to secure a large indebtedness. The papers were never reassigned to Reid, but he wrote to the plaintiffs requesting that they be sent to Messrs. Johnstone & Welch, attorneys at law, for suit. About the same time he retained these attorneys to foreclose a mortgage, without stating the name of the debtor or any other particulars. In pursuance of Reid's request, Bailey & Son sent the note and mortgage to Messrs. Johnstone & Welch, with a letter in these words: "At the request of Mr. Reid, we send you enclosed note and mortgage for suit." The note and mortgage bore no evidence of assignment, and the letter gave no intimation that Bailey & Son claimed any interest in them. Suit for foreclosure was commenced in Reid's name, and, after protracted litigation, the defendant prevailed on the plea of payment.

Some time before the Reid suit was brought, Bailey & Son told the defendant's husband, who was her agent, that they held the papers as collateral for a debt due by Reid. About "three or six months," as Mr. Bailey states it, after its commencement, Bailey & Son ascertained that the suit had been instituted and was still pending in Reid's name, but the evidence does not disclose that they made any objection or gave any notice to the defendant that they repudiated the course that had been taken.

Sending the papers to Reid's attorneys at his request, the terms of the letter written to them, their neglect to inquire about the suit or concern themselves with it, their failure to

repudiate Reid's suit when it was brought to their attention, indicate with perfect clearness that Bailey & Son intended to place the papers and suit entirely under Reid's control, and to abide by the result.    They cannot now take an inconsistent position.    *Hand* v. *S. & C. R. R. Co.,* 12 S. C., 314; *St. Paul National Bank* v. *Cannon,* 46 Minn., 95, 24 Am. St. Reps., 189.

We are unable to perceive how Bailey & Son's mere expectation that Reid would have the suit properly brought, could avail them.    They gave him no instructions; but if they had, this could not protect them from defendant's charge that they put Reid in control, and must abide the result of his·action.    If, in fact, they intended to retain control of the papers and to sue in their own name, by their negligence in clothing Reid with the apparent ownership of the papers and control of their collection, they misled the defendant into prosecuting an expensive litigation, and are now estopped from alleging against the judgment in that cause.

The fact that Bailey & Son had, some time before the Reid suit was commenced, told Mrs. Wells' husband, who was her agent, that they held the papers by assignment as collateral for a debt due by Reid to them, does not help the respondents.    We cannot hold that the pledgee of collateral can avail himself of a notice of his right once given, when he afterwards deliberately turns over to the pledgor such collateral and places it in his complete control to be pressed by him.    Such action indicates that the debt has been satisfied and the collateral released, or, at least, that the pledgor is authorized to collect it.

Take the view of the facts most favorable to the plaintiffs. Assume for a moment that Mr. Bailey is correct in saying that he directed the suit brought in the name of Bailey & Son, that Mr. Welch is mistaken in his statement of the contents of the letter enclosing the papers for suit, that Reid was not placed in control of the papers and the suit, and that it was due to the misunderstanding of their attorneys, Messrs.

Johnstone & Welch, that the action was not brought in the name of Bailey & Son; they admit that the alleged error of the attorneys to whom they had entrusted the suit was discovered some time before the close of the litigation, and yet they deliberately elected to keep silence and let the suit in Reid's name proceed to its conclusion. It was clearly their duty then to speak, to the end that the defendant might not incur further expense in defending a suit which, in their view, would decide nothing. .

In any view that can be taken, plaintiffs are concluded by the result of the suit of Reid against this defendant, and it is unnecessary to consider the other defenses.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the complaint dismissed.