# T. L. TOBIASON v. FIRST STATE BANK OF ASHBY.[1]

## February 10, 1928.

## No. 26,470.

**Plaintiff's debt was paid.**

1. Plaintiff gave bank A his check for the amount of his indebtedness to it, drawn on bank B wherein he had money to pay the check. A presented the check to B, which stamped it "paid" and charged it to plaintiff's account. A accepted B's draft for the check. Before the draft was paid B suspended business. *Held,* plaintiff's indebtedness to A was paid.

**Plaintiff's note was given without consideration.**

2. There was no consideration to support plaintiff's promissory note which he gave to bank A for the amount of said indebtedness after bank B failed.

Bills and Notes, 8 C. J. p. 216 n. 51.
Payment, 30 Cyc. p. 1209 n. 2.

Plaintiff appealed from a judgment of the district court for Grant county, Flaherty, J. Reversed with directions.

*Henry Nycklemoe,* for appellant.

*R. J. Stromme,* for respondent.

WILSON, C. J.

Plaintiff appealed from a judgment. He was indebted to defendant on two promissory notes for $200 and $100. On December 15, 1923, he gave defendant his check for $311.85 including interest, drawn on the Farmers State Bank of Ashby wherein he had a checking balance of $510.85. Upon receipt of the check defendant stamped the two notes "paid" and gave them to plaintiff. Defendant surrendered the check with some others to the bank on which it was drawn and accepted a draft for the total amount of the checks presented. The check was stamped "paid" and charged to plaintiff's account.

[1]Reported in 217 N. W. 934.

Before the draft was collected the drawer, being insolvent, closed. At the solicitation of defendant's officer in charge, plaintiff gave defendant his note for $311.85 dated back to December 15, 1923. He apparently acted honestly. The bank official told him that he (the bank) had received no money on the check. Plaintiff presumably supposed this was because of the closing of the bank. Later he renewed the note with interest. Soon thereafter he learned the facts and brought this action to cancel the note for want of consideration and fraud. The court found against him. We will not discuss the claim of fraud.

1. Defendant had a perfectly good check which it presented to the drawer bank. The money was there to pay it. Defendant was entitled to the money and could have had it. For reasons of its own it saw fit to accept a draft. It did not do that for or in behalf of plaintiff. To the extent that it was acting for him it had no right to take anything but money. Hommerberg v. State Bank of Slayton, 170 Minn. 15, 212 N. W. 16; Milne v. Capital Tr. & Sav. Bank, 170 Minn. 66, 211 N. W. 954. The check was a conditional payment. Commercial Inv. Trust v. Lundgren-Wittensten Co. supra, p. 83. The payment would have become absolute had it demanded the money. Instead of taking the money, which was available and the only thing it had a right to take so far as plaintiff was concerned, it accepted a draft. It surrendered plaintiff's obligation and in lieu of the available money which would have instantly become its property accepted the obligation of the bank. By the transaction the drawee bank ceased to be plaintiff's debtor to the extent of the check and became the debtor of defendant as evidenced by the draft. To the extent at least of the amount of the check, the relation of debtor and creditor was created between the two banks. The result of this transaction was that plaintiff's indebtedness evidenced by the two original notes was paid.

2. When the note which plaintiff seeks to cancel was given, he did not owe defendant anything. He got nothing for the note which was without consideration. The note imports a consideration, but that merely makes a prima facie case which was completely destroyed by the admitted and uncontroverted facts.

Reversed with directions to modify the findings and enter judgment for plaintiff.