Dr. J. H. Therrell, as Liquidator for The Bank of Bay Biscayne, a Florida corporation, *Appellant,* v. Fred Howland, *Appellee.*

146 So. 203.

En Banc.

Opinion filed February 15, 1933.

Re-hearing denied March 16, 1933.

*John J. Lindsey* and *W. Robert Smith,* for Appellant.

*Rosenhouse & Rosenhouse,* for Appellee.

Davis, C. J.—Section 49 of the 1931 Chancery Act (Chapter 14658, Acts of 1931, Laws of Florida) reads as follows:

"Section 49. PRODUCTION OF BOOKS AND WRITINGS FOR INSPECTION OR AT TRIAL. On the motion of any party, after reasonable notice, the court may order any other party or parties to produce books, records, and papers containing or believed to contain evidence pertinent to the cause of action or defense of the movant which are in the possession or control of the party or parties named in the motion and order, either for inspection before or use at the trial, at such time or times and under such reasonable terms and conditions as may be prescribed by the court in its order, on such motion.

Section 60 of the same Act reads as follows: "Section 60, PROCEDURE BEFORE MASTER. The master shall regulate all the proceedings in every hearing before him, upon every reference; and he shall have full authority to examine the parties in the cause, upon oath, touching all matters contained in the reference and also to require the production of all books, papers, writings, vouchers and other documents applicable thereto; and also to examine on oath, orally, all witnesses produced by the parties before him, or by deposition, or otherwise, and also to direct the mode in which the matters requiring evidence shall be proved before him, and generally to do all other acts, and direct all other inquiries and proceedings in the matters before him, which he may deem necessary and proper to the justice and merits thereof and the rights of the parties."

The present appeal from an interlocutory order made by the Chancellor below involves a construction of the foregoing sections of the 1931 Act.

The facts of the controversy are as follows: Bill of complaint was filed against defendant, as a bank liquidator, seeking to establish a preference in the payment of claims against the bank, on the ground of a deposit made by complainant in the bank, while it was known, so it was alleged, by its

officers to be hopelessly and irretrievably insolvent; the answer denied the allegations of the bill. Thereafter the cause was referred to Wilson Trammell, Esq., as "Master to take testimony of the parties * * * and report the same to the Court with all convenient speed, together with findings."

Prior to the hearing before the master, complainant filed praecipe with the master for issuance of a subpoena *duces tecum* to the defendant, liquidator, requiring him to produce before the master certain described documents. Subpoena *duces tecum* was issued by the master as prayed and duly served on the defendant.

Subsequently on objection to, and motion of, the defendant liquidator, the subpoena *duces tecum* was quashed by order of the master. Thereupon the master made the following oral order at the hearing:

"The Motion to Quash Subpoena Duces Tecum issued by me as of the 19th day of April, 1932, is quashed, and the motion made by the defendant is granted. However, it appearing to the Master that certain books, papers, writings, vouchers and other documents hereinafter named are applicable to the issues involved in this cause, I do hereby require of Dr. J. H. Therrell, as Liquidator of the Bank of Bay Biscayne, a Florida corporation, defendant, that he produce before me on the 6th day of May, 1932, at 2 o'clock P. M., to be used at a hearing at such time to be held on the Third Floor of the Bank of Bay Biscayne Building, Miami, Florida, in the office of W. Robert Smith, Esq., the following books, papers and documents, to-wit:" (Describing documents).

As a ground for not complying with the master's oral order, the liquidator made the following reply:

"I have no desire on the face of it to resist any process of any court. I have other cases which might be influenced

by this ruling, and I have instructed counsel to strenuously resist and to get a ruling as to whether I should have to produce my records. I have records scattered in a dozen different courts—the Circuit Court, the United States Appeal Court, the Supreme Court, etc., until I can't carry on my liquidation. I have asked counsel in several instances to get a ruling somewhere to find out where exactly we are proceeding. There is no desire on my part to withhold any books or records. However, there are as many as four different courts desiring me to produce records—the identical records—at the same time."

Production of the books and papers in question having been refused by the liquidator under the foregoing circumstances, the controversy was referred by the master back to the Chancellor who appointed him, for such order as the Chancellor might see fit to make against the party, or for such instructions as the Court might see fit to give.

The Chancellor, upon considering the master's report of what had occurred, made an order reading as follows:

"This cause coming on to be further heard upon the Order of the Special Master herein, of date the 26th day of April, A. D. 1932, directing and requiring the defendant, J. H. Therrell, as Liquidator of the Bank of Bay Biscayne, to produce at the hearing of the cause before said Master certain books, papers, writings, vouchers and other documents in said Order described; and the Master having on Motion of the defendant certified said Order and record of the proceedings before said Master in this cause, upon which said Order is based, to this Court for the ruling of the Court upon the sufficiency of the showing by the plaintiff as a basis of said Order and the validity of said Order generally; and counsel for the respective parties having been present and argued the same,

"It Is Ordered, Adjudged and Decreed that the said Order of the Master be and the same is hereby sustained over all and singular the objections of the defendant thereto."

The foregoing is the order that has been appealed to this Court and concerning which this opinion will undertake to deal.

Conceding for the sake of argument, that the master had the legal right to substitute what was in effect, if not in form, an oral subpoena *duces tecum,* covering identically the same subject matter and documents that had been covered by the written subpoena *duces tecum,* which the master had quashed on defendant's motion, it does not follow that the objections interposed by the liquidator should not have been sustained by the Chancellor, and the liquidator discharged from compliance with the master's order. This is especially true when it appeared, as it did from the liquidator's testimony, giving as his grounds for refusal to produce the records in question, that to do so would practically suspend, if not destroy, his ability to properly carry on the bank's liquidation for the time being, without any real necessity having been demonstrated that it was indispensably necessary to cause such inconvenience, in order to enable the Court to proceed with the administration of justice in the pending case.

Undoubtedly Section 49 of the 1931 Chancery Act is broad enough to enable the Chancellor, *on motion,* in any pending cause, to order any other party or parties to produce either before himself or before a master, books, records and papers containing, *or believed to contain,* evidence pertinent to the cause of action of the movant, which are in the possession or control of the party or parties named in the motion and order. And Section 60 of the 1931

Chancery Act is broad enough to empower masters in chancery to require the production of all books, papers, writings, vouchers and other documents applicable to any "matters contained in the reference.*

Powers of the Chancellor, residing in him by virtue of Section 49 of the 1931 Chancery Act (which section is equivalent to Federal Equity Rule 62) can properly be invoked and exercised only *on motion,* after reasonable notice. The requirement of a *motion,* with notice to the adverse party to be affected by the order applied for, implies that facts exist which may be set out in a written motion filed by movant for the purpose of showing that the books, records and papers sought to be required to be produced, either contain evidence pertinent to the cause of action or defense of the movant, or that movant has reasonable grounds to "believe" that they contain such evidence.† Without such previous motion, and reasonable notice, an order is unauthorized, unless the requirement is affirmatively waived by production, without objection, of what is required by an order to be produced.

The requirement of reasonable notice, which must precede a motion made to a party under Section 49 of the 1931 Chancery Act, *supra,* also implies a right on the part of the respondent to contest the granting of the motion, and to adduce facts in opposition to granting it, which will show either, that the order sought is not such as the statute authorizes, or that the production of the books, papers or documents sought is not such as the statute contemplates be-

---

*The Statute uses the phrase "applicable thereto" which means by reference to what precedes it, "applicable" to the "matters contained in the reference." See Section 60 of Chapter 14648, Acts of 1931.

†The statute uses the expression, "believed to contain evidence pertinent to the cause of action or defense of the movant."

cause it would violate one of the established equitable principles upon which discovery was habitually refused under the practice as it existed prior to the statute. The new statutory procedure is merely a substituted method for conveniently obtaining a discovery through production of documents; papers, etc., that could formerly only be realized through a formal prayer for discovery. For the established grounds on which discovery in equity was customarily refused prior to the statute, see Daniel's Chancery Pleading and Practice, 6th Am. Ed. Vol. 1, page 562. The rules there stated will be found cited and summarized in McCarthy's 1931 Florida Chancery Act, Annotated, in the note appearing on page 103.

Powers of masters in chancery, general or special, under Section 60 of Chapter 14658, are limited to such matters as are "contained in the reference." A mere general reference to a master to take testimony and make findings, does not confer upon the master the unrestricted power to do that which, under Section 49 of the same Act, can only be done by the Chancellor himself, after reasonable notice, motion and hearing, unless the parties affected by the master's orders, waive the benefit of Section 49, by complying without objection, with a required production of books, papers and documents, when ordered by a master during the course of a hearing.

The determination of the relevancy, materiality and applicability of books and records to the issues of a cause as made by the pleadings, and the necessity for the compulsory production of the same by a party to the cause, is a judicial function, to be exercised by the Chancellor himself in the manner provided by Section 49 of the 1931 Chancery Act, and then only upon the express or implied conditions imposed by that section and the general precepts governing discovery when authorized in chancery cases.

But rights under the Chancery Act in such matters, may be waived by failure to object to an order for the compulsory production of books, papers and documents, even when such an order is made by a master *sua sponte*. And no doubt a master has the general right to tentatively order a compulsory production of books, papers and documents when requested by a party to do so, subject to the right of the affected party to object to what is required, if he desires to object. The administration of justice is a practical matter which, while governed by rules intended to prevent oppressions and abuses, is nevertheless of such character that much must be left to the sound judicial discretion of Chancellors and their masters, in the practical conduct of hearings in chancery.

In the present case the master was called upon to make an order deemed necessary by one of the parties to enable him to proceed. The order was made as requested. As made, it required the defendant in the case to produce before the master a vast number of books, records, papers and documents of the defunct bank. This requirement the defendant objected to, stating as grounds of his objection, certain matters which reasonably appeared to support his right not to be compelled to obey an order of such general and unlimited import. The defendant was a state bank liquidator charged with the performance of important public duties. These duties he alleged would be interfered with, and hindered by, the procedure called for. The master did right in hearing, and making a record of, the objections to his order, and in reporting the same to the Chancellor for further ruling and instructions.

If it were not for the fact that the objections made by the defendant liquidator were never sufficiently inquired into by the Chancellor, when the matter was finally taken before him for a ruling on the master's report of what had

happened, we would be inclined to treat the order appealed from as the equivalent of an order made by the Chancellor under Section 49 of the Act, and affirm it, since the effect of the order was to require the production of the books, papers and documents in controversy, on the theory that they tended to prove, and were indispensably necessary to prove, the complainant's bill.

But in every such case, the pertinent inquiry is whether or not there is any real necessity for the production of the books, documents and papers, and if so, whether or not their production will be violative of any principle that forbids inquiry into matters that are not subject to compulsory discovery from the party called on to produce, or which are privileged therefrom. Concomitant with this is the general rule that in no case will the powers of the court to compel a production of books, papers, documents and the like be exercised to enable the movant therefor to conduct a mere "fishing" expedition into such records, books, and papers.

We therefore hold that the order appealed from should be reversed, but without prejudice to the right of the parties to seek an appropriate order from the Chancellor requiring the production before the master, of pertinent books, papers, documents, and the like, in accordance with the rule governing the same as herein construed.

Order appealed from reversed, without prejudice to appropriate proceedings upon remand to Court below.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., disqualified.