## LEO VOGEL v. HERMAN F. ZASTROW AND ANOTHER.[1]

February 9, 1934.

No. 29,786.

[1]Reported in 252 N. W. 664.

*C. O. Dailey* and *H. L. & J. W. Schmitt,* for appellant.
*Hiram S. Goff* and *C. A. Johnson,* for respondents.

*HOLT, Justice.*

Plaintiff appeals from the order denying a new trial. The action is to vacate and cancel a satisfaction of a mortgage on the ground that the cashier's check accepted in payment of the balance due was dishonored.

The facts out of which the lawsuit grows are not in dispute. They are, in short, these: Plaintiff held a mortgage on defendants' farm in Nicollet county which was due March 1, 1933, and payable at the American State Bank of Mankato. The balance then due was $6,330 and an interest coupon due March 1, 1932, not paid because lost. It was understood that plaintiff should deliver to defendants a bond indemnifying them against loss before the last mentioned interest coupon was paid. Defendants were at the American State Bank prepared to pay the mortgage debt on March 1, 1933. Plaintiff did not come. Defendants turned over to the bank two of its then due certificates of deposit for $6,500, received back $170, and requested the bank to pay $6,330 to plaintiff upon receipt of satisfaction of the mortgage debt, and to deliver a personal check to plaintiff for $330 to pay the lost interest coupon upon receiving the indemnity bond. On March 2, 1933, plaintiff was informed by the bank teller that the money was there to pay the mortgage. He desired to see his lawyer first; but came to the bank the next day, turned over a satisfaction of the mortgage, the note and attached coupon, and the bond, and received a cashier's check of the bank for $6,330, and the personal check of the defendants for $330. The personal check was good, and plaintiff deposited it to his own account in the bank and took the cashier's check to another bank in

Mankato for deposit. It was not deposited in time to clear on that day. The next day, March 4, 1933, was declared a bank holiday, and this bank did not open for several weeks, and then only under a compromise agreement whereby no more than 55 per cent of the cashier's check would be paid. On April 22, 1933, plaintiff demanded of defendants a return of the note and cancelation of the satisfaction of the mortgage. On being refused, this action was brought.

The assignments of error are based upon the refusal to amend the findings. But we think the evidence does not compel the findings asked for, and it does sustain this pivotal finding which defeats plaintiff's cause of action, viz:

"That the plaintiff on March 3, 1933, when he delivered said note and satisfaction to the said American State Bank, and prior thereto, knew that he was entitled to the payment of said principal note in cash and that payment thereof was available to him upon his asking for it; that he elected to accept in payment thereof the said cashier's check and that he accepted and received said cashier's check in full payment and satisfaction of said principal note and mortgage securing the same."

That this finding is well supported is clear. Plaintiff admitted that on March 2 he was informed by the teller of the bank that the money was there to pay the mortgage. He was asked this question:

"Now, how did it happen, Mr. Vogel, that you didn't take the cash that day at the bank, at the American State Bank?"

He answered:

"Well, I ain't in the habit of taking cash and carrying $6,000 on the streets."

It is plain that plaintiff for his own convenience elected to receive the cashier's check for $6,330 instead of cash. True enough, in receiving the money from defendants and in paying the mortgage, the bank was the agent of defendants and not of plaintiff. Simply because the note was payable at the bank defendants could not pay and discharge it by depositing the money there. St. Paul Nat.

Bank v. Cannon, 46 Minn. 95, 48 N. W. 526, 24 A. S. R. 189. But the finding and evidence goes further here than a mere deposit of money in the bank. It shows that it was there for the purpose of satisfying the mortgage; that plaintiff knew that fact and surrendered the note and delivered the satisfaction for the purpose of receiving payment; and that to suit his own convenience he accepted the cashier's check in place of the cash. It was his choice. Defendants had not directed the bank to pay by cashier's check or in any other manner than with money. When plaintiff accepted the cashier's check in place of money, under the circumstances stated, he must be held to have received full payment and satisfaction of mortgage debt. By taking the cashier's check in lieu of the money plaintiff made the bank his debtor in place of the defendants. This brings the case within the principle of Milne v. Capital T. & S. Bank, 170 Minn. 66, 211 N. W. 954. Tobiason v. First State Bank, 173 Minn. 533, 217 N. W. 934, 935, though not upon facts similar to those of the instant case, applies the same principle, holding that where one entitled to the payment of a debt, with knowledge that the bank has the money ready to pay it, accepts in lieu of that money the draft or negotiable instrument of the bank, the debt is paid, and he becomes the creditor of the bank as holder of the negotiable instrument he accepts. In that case the defendant bank, upon receipt of a check from the plaintiff drawn on another bank, in the same village, in which he had a sufficient deposit, surrendered its notes against plaintiff, and instead of presenting the check for payment in cash accepted the other's bank draft therefor. The court said [173 Minn. 534]:

"Defendant had a perfectly good check which it presented to the drawer bank. The money was there to pay it. Defendant was entitled to the money and could have had it. For reasons of its own it saw fit to accept a draft. It did not do that for or in behalf of plaintiff. To the extent that it was acting for him it had no right to take anything but money. * * * By the transaction the drawee bank ceased to be plaintiff's debtor to the extent of the check and became the debtor of defendant as evidenced by the draft. To the extent at least of the amount of the check, the relation of

24

debtor and creditor was created between the two banks. The result of this transaction was that plaintiff's indebtedness evidenced by the two original notes was paid."

So here we hold that the transaction of plaintiff in accepting the cashier's check paid and satisfied the mortgage debt of defendants.

The order is affirmed.

