PENINSULA LAND COMPANY, a Corporation; and OCEAN BEACH IMPROVEMENT COMPANY v. NATIONAL MORTGAGE COMPANY.

193 So. 304

Division A

Opinion Filed January 2, 1940

Rehearing Denied February 2, 1940

*Edwards & Edwards,* for Appellants;

*John D. Shepard,* for Appellee.

PER CURIAM.—On appeal we review decree of foreclosure of a real estate mortgage in favor of the complainant, assignee of the mortgage.

The assignor of the mortgage was not a party to the suit. The assignment and delivery of the mortgage, and note secured thereby, was before maturity.

Defendant set up, or attempted to set up, (a) that the assignment was made as collateral security for a principal obligation; (b) that the principal debt was in an amount less than the amount of the face value of the collateral; (c) that the principal debt had not matured; (d) that there was partial failure of consideration on which the note and mortgage were based, and (e) that the note and mortgage were in default at the time of the assignment.

Default relied upon by plaintiff was claimed because of the alleged fact that defendant had breached the covenant contained in the mortgage to pay taxes when due. The mortgage contained covenant to pay taxes but there was no provision that non-payment should accelerate the maturity of the mortgage.

Unless the answer contained sufficient allegations to show the existence of contention (d), (partial failure of consideration), defenses "a" and "b" were not available to the defendant. Contention of "c" constituted no defense. See Gables Racing Association v. Persky, 116 Fla. 77, 156 Sou. 392.

The allegations of the answer concerning alleged failure of consideration are entirely inadequate and insufficient to constitute a defense to the bill of complaint. The allegations relate to transactions between parties not parties to the suit.

Defendant propounded interrogatories. The interrogatories were objected to. Objections were submitted. The testimony was taken before the chancellor and decree rendered. Reversible error is not made to appear, except in this, viz.:

The final decree adjudicates, "there is due the complainant the sum of $886.00, together with accrued interest thereon from the date of the signing of this decree, as well also the costs of this action. Included in the amount aforesaid is the sum of $100.00 awarded to the complainant as a reasonable solicitor's fee for his solicitor's services. All persons interested are allowed five days from the date of the signing of this final decree within which to make payment of said aforesaid total sum, and in addition thereto the accrued interest at 8%, and to pay the costs of this suit."

The decree in this regard should be and is directed to be modified to provide for 6% interest instead of 8% interest, to comply with Chapter 16051, Acts of 1933, and when so modified the decree shall stand affirmed.

So ordered.

TERRELL, C. J., and BUFORD, J., concur.

THOMAS, J., agrees to conclusion.

BROWN, J., concurs in opinion and judgment.