CARROLL, Judge.
■ Appellants were defendants in an action brought by a pledgee on two promissory notes aggregating $200,000. Summary judgment was entered against the defendants for the principal, accrued interest, attorney fees and costs, and they have appealed.
The appellant Fontainebleau Hotel Corp. was the maker of the notes, and the appellant Ben Novack was an endorser thereon. Taylor Construction Company was the payee.
The appellee James Talcott, Inc., the plaintiff below, was a creditor of Taylor Construction Company. That obligation of the Taylor Company to the Talcott Company was evidenced by certain collateral notes with which the two notes sued upon from Fontainebleau Hotel Corp. to Taylor *265 Construction Company were pledged to James Talcott, Inc.
The notes involved here were dated April 21, 1962. One was for $75,000 and was payable on July 23 of that year. The other note, for $125,000, was payable August 21 of the same year. The collateral notes with which they were pledged were dated April 23, 1962, and were payable on demand. This action on the pledged notes was filed on May 23, 1963, after the pledged notes had matured and at a time when $75,000 was still owed by Taylor Construction Company to the pledgee James Talcott, Inc.
Appellants contend (1) there were terms stated in the instrument pledging the notes which precluded the action; (2) the pledgor was a necessary party; and (3) the evidence on which the summary judgment was predicated included an affidavit not entitled to be considered.
Appellants’ contention that the pledgee was precluded from suing because the collateral note made provision for sale of the collateral is inapplicable to the situation presented. The action taken by the pledgee in suing on the pledged notes was not an enforcement of the obligation for which they were pledged, but to reduce the defaulted pledged notes to judgment. Money recovered thereon would continue as collateral, replacing the notes sued upon. Gables Racing Ass’n. v. Persky, 116 Fla. 77, 156 So. 392, 394; 12 Am.Jur.2d, Bills and Notes, § 1326. When a promissory note which has been pledged becomes due and in default in the hands of the pledgee the latter may maintain an action thereon irrespective of the status of the obligation for which the note was pledged. Brown v. First Nat. Bank of Panama City, 86 Fla. 198, 97 So. 351; Gables Racing Ass’n. v. Persky, supra; 25 Fla.Jur., Pledge, § 14.
The contention of the appellants that the pledgor was a necessary party, also is without merit. An action by a pledgee on a defaulted pledged instrument my be maintained without joinder of the pledgor. See Brown v. First Nat. Bank and Gables Racing Ass’n v. Persky, supra, and 12 Am.Jur.2d, Bills and Notes, §§ 1087, 1089.
The appellants’ third contention is that the court was in error in allowing and considering an affidavit of the moving party for summary judgment, in response to defendants’ affidavit opposing the motion. The questioned affidavit, and the matter filed by the opposing party to which it was directed, concerned the immaterial subject of the intervening bankruptcy of the pledgor. The error if any was harmless, because here the plaintiff was not proceeding against the pledgor-bankrupt, but to reduce to judgment the pledged notes, for the mutual benefit of the pledgor and pledgee.
No reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.