BARKDULL, Chief Judge
(dissenting).
I must respectfully dissent from the majority opinion in this cause. The issue before this court is whether the chancellor erred in quashing a subpoena duces tecum directed to a party, which attempted to require the production of documents at a trial. The record reveals that the party who served the subpoena duces tecum waited until the eve of the final hearing to file a subpoena duces tecum addressed to the adverse party requiring the production of the following items: (1) All account books of Thurman A. Whiteside including his attorney at law account, personal accounts, all trust accounts, corporate accounts and all cash books, journals and ledgers pertaining to all such account. (2) All stock accounts or brokerage accounts in the name of Thurman A. Whiteside or Thurman A. Whiteside, Trustee. (3) All check books, check stubs, deposit slips, bank statements and cancelled checks for all accounts maintained by Thurman A. White-side or T. A. Whiteside whether as trustee, or individually, or jointly with any other person. (4) All records reflecting the purchase and sale by Thurman A. Whiteside of stock of First National Bank of Miami. (5) All financial statements, balance sheets, audit reports or other documents reflecting the assets and liabilities as prepared by Haskins and Sells.
The motion to quash the subpoena duces tecum was filed and subsequently granted, *833 and it is from the order quashing this subpoena that this appeal was prosecuted.
Prior to the adoption of our present rules of procedure, the previous rules clearly indicated that a motion for subpoena duces tecum could not be addressed to a party either at the time of taking his deposition or at the time of trial. See: Therrell v. Howland, 108 Fla. 299, 146 So. 203; Biscayne Trust Co. v. O’Ferrell, 113 Fla. 838, 152 So. 621; § 63.49 Fla.Stat., 1949 (Repealed); Rule 49, Florida Equity Rules, superseded by Florida Rules of Civil Procedure, 1954. The reasoning behind the rule was that it would enable a party to harass and annoy the opposing party if he were permitted to file a subpoena duces tecum without the showing of cause directed to another party. Under our present rules, a subpoena duces tecum may not be addressed to a party at the time of taking his deposition. See: Metz v. Smith, Fla.App.1962, 141 So.2d 617; McKinley & Company v. Arpin, Fla.App.1962, 143 So.2d 216. The annoyance and harassment which would be present if a subpoena duces tecum could be addressed at the time of taking a deposition is just as great or greater at the time of trial, and it appears that [reviewing the provisions of Rules 1.28, 1.34 of the Florida Rules of Civil Procedure in pari materia] it would be inappropriate to permit the serving of a subpoena duces tecum on a party for production of documents at a trial. This appears to be in conformity with the general practice as indicated by Barron & Holtzoff in their works 2B Federal Practice and Procedure § 1002. This is not to say that if, upon the motion to quash, the party serving same had shown good cause it could not have procured the production of the documents. See: Olin’s Rent-A-Car System, Inc. v. Avis Rental Car System of Florida, Inc., Fla.App.1961, 135 So.2d 434. However, in the instant case, when no good cause was shown at the time of the hearing on the motion to quash, I would affirm the action of the chancellor in quashing the subpoena duces tecum.