GABLES RACING ASSOC., INC., v. ROBERT PERSKY.

180 So. 24.
Division B.
Opinion Filed March 30, 1938.

*Chappell & Brown,* for Appellant;

*Evans, Mershon & Sawyer, M. L. Mershon* and *W. O. Mehrtens,* for Appellee.

Per Curiam.—On May 3, 1932, Robert Persky exhibited his bill in the Circuit Court of Dade County to enforce a mortgage lien against the Gables Racing Association, Inc. By leave of the Court an amended bill was filed in July following. The Court overruled a motion to dismiss the amended bill and granted the motion requiring the Racing Association to produce certain books and papers. The Gables Racing Association appealed from these rulings of the Chancellor. This Court affirmed the Chancellor. See Gables Racing Association, Inc., v. Persky, 116 Fla. 77, 156 So. 392.

Gables Racing Association filed its answer to the amended bill and the taking of testimony before the Chancellor was begun on April 8, 1935. Much testimony and a number of exhibits were introduced. The defendant objected to the evidence of past occurrences previous to its incorporation, and further objected to many of the tendered exhibits. The chancellor admitted this evidence for the purpose of the record subject to a motion to strike. After the major part of the testimony had been taken the defendant filed a formal written motion to strike the testimony and exhibits which it claimed were inadmissible. The Court reserved its ruling on the motion. At the final · hearing Persky's

counsel filed a motion for leave to amend the amended bill to conform to the proof, and concurrently tendered his proposed amendment to the amended bill. The proposed amendment covers forty-three pages in the transcript and narrates practically all of the evidence favorable to the plaintiff (Persky). It retains the entire prayer of the original amended bill but concludes with the additional prayer that if it should be found that the note and mortgage "are invalid and unenforceable as conventional instruments" the Court may nevertheless decree that the plaintiff has "an equitable mortgage or lien" upon the described real estate for the full principal amount of the note together with interest and reasonable attorney fees.

Upon suggestion of the chancellor the defendant filed its written objections to the plaintiff's motion to amend the amended bill and also filed objections to the proposed amendment.

The chancellor issued an order which in substance granted the plaintiff's motion to amend the amended bill and the proposed amendment was received and filed. The defendant Racing Association was allowed until a designated time to file such other or further pleadings as it might desire. It was further ordered that the motion to strike certain testimony and exhibits introduced by the plaintiff be denied. This order of the chancellor is the basis of complainant's first assignment of error.

Defendant filed a motion to dismiss the amendment to the amended bill and the chancellor overruled this motion. The ruling is assigned as the defendant's second assignment of error.

This is an appeal from these two interlocutory orders entered by the chancellor.

The questions appearing in both briefs are not stated strictly in accordance with Rule 20 of the Supreme Court

Rules, and the questions in some instances are not even raised on this appeal. We have carefully considered all the objections to these rulings and the briefs of both parties, however; but instead of trying to reconcile the questions raised we think it sufficient to consider these two orders of the chancellor, as they are the grounds upon which the only two assignments of error are grounded.

The first of the above mentioned orders of the chancellor really embraces two rulings; the first part of the order grants the plaintiff's motion to amend and permits the proposed amendment and allows the defendant to plead further in the cause; while the second part of the order is a ruling on the defendant's motion to strike certain testimony and exhibits introduced by the plaintiff. Let us consider each part of the order separately.

Section 26 of the 1931 Chancery Act provides: "The Court may *at any time,* in the furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended pleading. The Court, at every stage of the proceedings, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

McCarthy in his Chancery Act-Annotated has pointed out that: "This Act would not be so construed as to permit the plaintiff, under the guise of an amendment, to state a new and different cause of action. Shields v. Barrow, 17 How. (U. S.) 130, 15 L. Ed. 158; Griffin v. Societe, 53 Fla. 801, 830, 44 So. 342; Barry v. Willard, 117 Fla. 236, 157 So. 669."

In the amended bill it appears that the plaintiff below was attempting to enforce the note and mortgage against the Gables Racing Association, Inc., as if they were formal and regular instruments evidencing a valid obligation of the Association. This bill, however, prayed among other

things "that your orator may have such other and further general relief in the premises as equity may suggest and to your Honors may seem just." After all the evidence and testimony had been introduced, it appeared to the plaintiff that the note and mortgage which had been signed by Samuel Kanner might not be strictly enforceable as such because of the testimony and exhibits which had been introduced to show that these persons were not officers of the corporation. Plaintiff then made his motion to re-amend his bill to conform with the proof. The proposed amendment contained a prayer to the effect that if ·the court. shall find the note and mortgage unenforceable as. formal conventional instruments that the court may decree that Robert Persky has "an equitable mortgage or lien upon all of the real property described in the said note and mortgage."

The reamended bill is rather verbose and contains matters that are not altogether necessary, but it does not appear that the chancellor erred in holding that "and the court finds that the allegations of said proposed amendment to plaintiff's bill conform substantially to the proof heretofore submitted to the court herein, and that the plaintiff's said amendment to his amended bill should be permitted to be filed, to conform to the evidence taken before the court and the exhibits filed herein, in order to do justice between the parties and to avoid unnecessary litigation and in order that the entire matter may be disposed of in this suit;" etc. But changing the bill so that the court might enforce it as an equitable mortgage or lien and a prayer to that effect is not a new and different cause of action and the chancellor correctly allowed such an amendment in view of the fact that he allowed futrher pleadings on the part of the defendant.

The court has examined the exhibits and testimony objected to by defendant in his motion to strike. We are inclined to agree with the chancellor below in saying, "the plaintiff's testimony and exhibits are not wholly immaterial or irrelevant to plaintiff's bill and said amendments thereto."

The second order of the chancellor assigned as error on this appeal is the order appearing on page 322 of the transcript, which denies the motion of the defendant to dismiss the amendment to plaintiff's bill and allows defendant until July 15, 1936, within which to file such other or further answer as it may be advised to plaintiff's bill as amended.

The defendant assigned twenty-seven grounds for dismissing the amendment. We have examined the amendment carefully and do not find that the chancellor erred in refusing to grant the motion. The case is not before the court on its merits but is merely an appeal from the two orders of the chancellor. The chancellor allowed additional time within which to plead and so the case is still open for further pleading and the taking of additional testimony.

Some of the grounds of the motion to dismiss raise close and difficult questions, but it does not clearly appear that the chancellor's rulings were erroneous. We find therefore that the chancellor should be affirmed in his ruling on these two motions, and it is so ordered. Remanded for further proceedings not inconsistent with this holding.

Affirmed and remanded for further proceedings.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.