LILLIAN VAN SIMMONS DURHAM v. ALBERT G. DURHAM

188 So. 609.
Division B.
Opinion Filed May 2, 1939.

*Eldridge Hart* and *Harry B. S. Hammond,* for Appellant; *S. E. Durrance,* for Appellee.

PER CURIAM.—This case is before the Court on appeal from a final decree granting a divorce dated May 21, 1938, entered by the Circuit Court of Orange County. The parties are each above fifty years of age and the record shows that the defendant below had been married some two or three times prior to her intermarriage with the plaintiff on October 22, 1936. They cohabited as husband and wife until November 19, 1937. The defendant below had a

grown son by a former marriage and by training and education she was a trained nurse. The plaintiff below was a traveling salesman and earned a small annual sum but had no other income. The bill of complaint charged the defendant with an ungovernable temper and the different witnesses gave testimony as to the conduct and decorum of the defendant from time to time as observed by them while visiting the home or as neighbors in a position to see and observe them in their home life. The defendant, by an appropriate pleading, denied the allegations of the bill of complaint and a reference was made to a Master, and upon his report coming before the Court a divorce was granted to the plaintiff below.

The case is here on appeal and the final decree is assigned as error. We have read the evidence adduced by the respective parties and on many material issues find or observe a conflict in the evidence. The Chancellor ruled on these conflicts or disputes in the testimony and the rule guiding or controlling this Court is that the findings of the Chancellor on questions of fact will be affirmed unless there appears an abuse of discretion. The burden is on the appellant to show that the Chancellor abused his discretion in entering the final decree appealed from and this burden has not been fully established.

Where the evidence is conflicting, the findings of a Chancellor will not be disturbed unless such findings are clearly shown to be erroneous. This rule has been observed by this Court from its earliest history. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Lewter v. Price, 25 Fla. 574, 6 So. 439; Bothamly v. Queal, 58 Fla. 396, 50 So. 415; Viser v. Willard, 60 Fla. 395, 53 So. 501; Theisen v. Whidden, 60 Fla. 372, 53 So. 642; Bank v. Jasper v. Tuten, 62 Fla. 423, 57 So. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 So. 615;

508

Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Sabdlin v. Hunter, 70 Fla. 514, 70 So. 553; Shad v. Smith, 74 Fla. 324, 76 So. 897; Edney v. Stinson, 90 Fla. 335, 105 So. 821.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.