TOWN OF NAPLES, FLORIDA, a Municipal Corporation,
v. NAPLES IMPROVEMENT CORPORATION, *et al.*

2 So. (2nd) 383
En Banc
Opinion Filed May 13, 1941

*Fred H. Mellor,* for Appellant;
*Sheppard, Clements & Woolslair,* for Appellees;
*Henderson & Franklin* as *Amicus Curiae.*

THOMAS, J.—This case reaches us on an appeal from

an order of the chancellor dismissing on motion a bill of complaint filed by Town of Naples against Naples Improvement Corporation and other owners of property in the town.

The bill of complaint was one seeking the enforcement of an equitable lien against certain properties abutting on a street improved by the City and in order that the features of the controversy may be readily understood, we will give the substance of the pleading in the light most favorable to the movant.

The corporation and individual defendants owned a tract of land of considerable proportions in the Town of Naples and to the end that, it be improved appointed E. W. Crayton, the principal stockholder in two of the corporations, to represent them. Thereupon a sea wall was constructed along the Gulf of Mexico and property along which it extended was filled in. A revised plat was prepared and submitted to the town council and to the board of county commissioners of Collier County and was approved by both bodies. The agent Crayton was president of the town council. After completion of the improvements the agent Crayton "orally" requested and petitioned the town council to grade and pave a street of considerable length through said property. Plans and specifications for the construction of the street were submitted to the town council on December 5, 1938, at a special meeting and the bid of a contractor to perform the work was accepted, the town agreeing to furnish the materials and to pay the contractor approximately $3,000 in cash. The work was finished in due course. Meanwhile, the agent, E. W. Crayton, died, nine days after the meeting was held.

No funds being available to compensate the con-

tractor or to pay for the materials used, the town council in March, 1939, decided to secure a loan of $8,000 from a banking institution situated in Fort Myers. This was consummated and a note was given payable in three annual installments. An attempt was made by the town council to place in its budget for the year 1939-40 a tax against all property within the town for the purpose of repaying the money borrowed. At the suit of certain taxpayers the chancellor enjoined the collection of the tax on the theory that the expenditure for the street improvement was unauthorized and benefitted primarily the owners of the lands abutting on the street, with only incidental or speculative advantages to the general public. This theory was adopted by the plaintiff in his bill and it is resorted to as a basis for relief in this suit, the prayer being that the court declare a lien against the properties adjoining the improvement for its cost. In other words, it is insisted that the Town of Naples, the plaintiff, was entitled to an equitable lien on the abutting property for the approximate amount of $8,000.

Emphasis is placed in the bill on the dual position that the agent, E. W. Crayton, held as agent for the property owners and as president of the town council, but it is important to remember that although he died nine days after the town council had authorized the work to be done it was completed in accordance with the terms of the bid and insofar as the bill shows no action was taken by this body to halt it.

It seems fitting to refer to the sections of the charter of the Town of Naples (Chapter 13122, Laws of Florida, Special Acts of 1927) in order to determine just what authority the city had with reference to the con-

struction and pavement of streets. We have been referred to the sections of the town charter providing for the improvement of streets and assessment of costs thereof against abutting property upon petition of the owners, but the bill of complaint does not reveal any attempt whatever on the part of the Town of Naples to perfect a statutory lien and there seems to be no need for discussion of these portions of the charter. By Section 18 of the Act the council was empowered by ordinance or resolution to "establish, open, widen, alter, extend, pave, and otherwise improve, the streets, thoroughfares, alleys, bridges, sewers, culverts and gutters, and keep same clean and in repair." In paragraph (g) of Section 6 the town was authorized to "appropriate and expend the public funds of the Town for the purposes for which they were raised, or for any public purposes of a lawful nature" and by paragraph (1) of the same section to "regulate and control the use and occupancy of the streets, thoroughfares, alleys, parks, public lots, and other public places in the Town. . . ."

Adverting to the bill, the plat showing the street eventually improved was presented to the town council and approved by them. By the sections of the charter which we have quoted the town council was clothed with the authority to improve that street in the manner shown by the bill and there is no allegation of any irregularity in the actions of the legislative body of the town from the time the plat was approved until the work was concluded.

The plaintiff having placed himself squarely on the proposition that an equitable lien should be declared in favor of the town we will proceed to a discussion of that doctrine. A definition of equitable lien may be

found in Jones Trustee, etc., v. Carpenter, 90 Fla. 407, 106 So. 127, and an examination of that case will reveal that such a lien may arise from two sources, a written contract showing an intention to charge property with a particular debt, or special circumstances creating it because of right and justice. In the instant case the first situation is eliminated and the relief could be granted only because in the factual situation shown by the bill the town should be given a lien enforceable against the property abutting on a street improved by the order of its council. We are unable to find the elements indispensable to the relief that the plaintiff has sought on the basis of right and justice (33 Amer. Jur., Liens, Sec. 21). In the first place the investment by the city was not on the property of the defendants but upon a street over which the plaintiff has under its charter absolute dominion and control, a street available to the use of the public without any interference whatever on the part of the abutting property owners; second, under this charter unquestionable authority was given to the city to make the improvements; third, the acceptance of the street and its eventual improvement were acts exclusively within the power of the city legislative body and were in no sense under the control of those owners. The investment made by the city was in the improvement of its own property and the abutting owners were but incidentally benefited. Such would be the case in practically every instance where a city improves a street.

It is true that the bill of complaint emphasizes the position of the agent Crayton as president of the city council, stockholder in two of the corporations owning property adjoining the street and representative of

the other owners, but this falls far short of establish-
ing a relationship which would indicate that the im-
provement was accomplished solely because of his
influence. The property on the street was owned by
at least one corporation in which Crayton had no
interest and by certain individuals. There were four
members of the town council besides the president
and for aught the bill discloses the action of this body
in approving the plat and causing the work to be done
was agreed to by all of them. Aside from this the
bill itself shows that the president of the town council
lived but nine days after the plat was approved and
the contract for the work was awarded. Even if
these allegations of the bill of complaint were sub-
stantiated by proof they would not establish a situa-
tion that would require a court of equity to grant
liens out of justice and right against the property
abutting on the street to provide funds to repay the
city for money properly expended by it under express
authority given by the city charter.

This decision deals solely with the equitable lien
asserted by the city against the property adjoining
the improved street and not with any right that the
lender-bank may have to the adjudication of its claim,
and, if established, the enforcement of collection
through taxation. State *ex rel.* Gillespie, *et al.,* v.
County of Bay, *et al.,* 112 Fla. 687, 151 So. 10.

The order of the chancellor denying the bill was
correct and is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and
ADAMS, J. J., concur.

CHAPMAN, J., dissents.