BARKDULL, Chief Judge.
The appellant seeks review of an amended final decree, decreeing specific performance of a contract for the sale of real estate. This cause of action arose by the appellant instituting a suit to rescind a contract for the sale of real estate at a total price of $115,000.00, because of the failure of the sellers to deliver “ * * * quit claim deeds or any other suitable instruments wherein all persons who might have any right to the use of the dock now existing on the waterfront premises of the afore-described property, of the use of said waterfront property or the enjoyment of the riparian property (whether such use or enjoyment be by deed, license or prescription) effectively abandon and disclaim any such privileges or rights.” Issue was joined and the chancellor rendered an extensive decree, finding in fact that the sellers had failed to deliver the instruments required in the exact form required by the deposit receipt; that such deficiency in performance was not of such substantial nature as to give the purchaser the right to rescind, and applied the doctrine of “de minimis non curat lex”. He decreed specific performance of the contract with certain *921 alternatives, including a $1,500.00 abatement in the purchase price because of the deficiency in reference to the dock.
Upon this appeal, the appellant has urged several points for reversal, the principal point being that the doctrine of “de minimis non curat lex” should not have been applied in the instant action. The appellee cross-assigns error in the failure to award attorney’s fees, as provided for in the deposit receipt agreement.
 As to the application of the doctrine of “de minimis non curat lex”, it appears that the determination of such is within the discretion of the chancellor. See: Loeffler v. Roe, Fla.1953, 69 So.2d 331, 47 A.L.R.2d 319. In order to upset the exercise of this discretion, it is incumbent upon the appellant to demonstrate error. See: Durham v. Durham, 137 Fla. 506, 188 So. 609; Bliss v. Hallock, Fla.App.1959, 113 So.2d 889. It appears that if the doctrine is applicable [a point which will hereinafter be discussed] the chancellor did not commit error in applying the doctrine in the instant action, and his findings of fact and conclusions of law therein should be approved. Even though the appellees urge the doctrine and the chancellor exercised his jurisdiction in reliance thereon, the alleged encroachment appears to be a riparian right and not to the title itself and, therefore, it appears to be doubtful as to whether the doctrine is applicable. See: Helsley v. City of St. Petersburg, Fla.App. 1963, 156 So.2d 171. Therefore, the action of the chancellor in rendering the decree of specific performance, here under review, is sustained either on the theory of “de minimis non curat lex” or on the proposition that the encroachment to the riparian right does not constitute an encroachment to the title. Therefore, the chancellor arrived at the correct conclusion in adjudicating specific performance.
 On the appellees’ cross-appeal on the denial of attorneys’ fees, the action of the chancellor was correct for the following reasons: 1. If fees were recoverable, the appellees failed to prove the reasonable value thereof and, without evidence before him, it would have been error for the chancellor to award fees. See: Hryckowian v. Hryckowian, Fla.1955, 82 So.2d 879; In re Lieber’s Estate, Fla.1958, 103 So.2d 192. 2. The appellees having urged the doctrine of “de minimis non curat lex” [which necessarily concedes a breach of the agreement], admitted failure to complete performance of the deposit receipt and, lacking complete performance, the chancellor was well within his discretion in denying counsel fees.
Therefore, the decree here under review is affirmed.
Affirmed.