207 So.2d 726 (1968)
Earl UNKEFER, Appellant,
v.
Condor MERRITT et Ux., Appellees.
No. 1244.
District Court of Appeal of Florida. Fourth District.
February 28, 1968.
Rehearing Denied March 25, 1968.
*727 Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellant.
Robert G. Murrell, of Sam E. Murrell & Sons, Orlando, for appellees.
CROSS, Judge.
The appellant-plaintiff, Earl Unkefer, appeals from a final decree dismissing with prejudice a complaint seeking an equitable lien against property owned by the appellee-defendant, Condor Merritt et ux. We reverse.
The sole question for our determination is whether or not the complaint alleged sufficient facts to state a cause of action for an equitable lien or for other relief.
The complaint alleges the plaintiff to be a licensed architect with an office in Orlando, Florida; that the defendants, Condor Merritt and his wife, were owners of real property known as Club Eaton located in Eatonville, Florida; that the defendants' attorney contacted plaintiff in February of 1962 about doing architectural work in connection with the Club Eaton; and that thereafter plaintiff prepared plans and superintended the work of remodeling the club; that the defendants knew of and accepted the work that he did. Further allegations state that plaintiff was asked by defendants' attorney to postpone the billing for his services until all of the work was done; that the remodeling of the club was done as a result of a condemnation proceeding brought by the State of Florida against the property; that plaintiff was informed by defendants' counsel that he would be paid following the final judgment in the condemnation proceeding out of that judgment; and that in reliance upon these promises he did not file a mechanic's lien for his services. Plaintiff further alleged that the condemnation suit was concluded more than one year after he finished his services in connection with the Club Eaton; that the defendants have refused to pay him in full or in part; and that he is without an adequate remedy at law due to no fault of his own but due to the promises and representations of the defendant, Condor Merritt and his attorneys which "lulled him into a sense of security and reasonably induced him to forego the timely filing of a claim of a mechanic's lien, and that great hardship upon the plaintiff and unjust enrichment of the defendants will result unless equitable relief is granted."
In determining the sufficiency of the complaint it is important to bear in mind that we must confine ourselves strictly to consider only the allegations contained within the four corners of the complaint. Petterson v. Concrete Construction, Inc., of Lake Worth, Fla.App. 1967, 202 So.2d 191; Thompson v. Safeco Insurance Company of America, Fla.App. 1967, 199 So.2d 113; Ocala Loan Co. v. Smith, Fla.App. 1963, 155 So.2d 711. It is not up to the court to speculate as to what the true facts may be or what facts may be ultimately proved at the trial of the cause. The question of sufficiency of the evidence which the plaintiff may be able to produce in a hearing on the merits is wholly irrelevant *728 and immaterial in reaching such a determination.
In order for a complaint seeking to establish an equitable lien to be able to withstand a motion to dismiss, the complaint must allege entitlement to this lien within certain principles recognized by the courts.
An equitable lien is not an estate or property in the land itself nor a possessory right of any kind. It is a charge or encumbrance upon the land "so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists." Davidson v. S.S. Jacobs Company, Fla. 1957, 93 So.2d 731; Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 129, 43 A.L.R. 1409.
In Jones v. Carpenter, supra, the Supreme Court of Florida discussed the nature and theory of the equitable lien, stating:
"In Capen v. Garrison, 193 Mo. 335, 92 S.W. 368, 372, 5 L.R.A.,N.S., 838, it was said that the doctrine of equitable lien follows the doctrine of subrogation. They both come under the maxim, `Equality is equity,' and are applied only in cases where the law fails to give relief and justice would suffer without them. * * *
* * * * * *
"From the foregoing it is seen that equitable liens arise from two sources, viz.: (1) A written contract which shows an intention to charge some particular property with a debt or obligation; (2) is declared by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. Jones on Liens, supra; 17 R.C.L. 605, supra; 25 Cyc. 667. Equitable liens are necessarily based on the doctrine of estoppel and usually arise in cases of expenditures by one joint owner on real or other property or in cases where a party innocently and in good faith makes improvements on the property of another. These last two, however, are by no means the only instances in which they may arise."
An equitable lien, based on those maxims which lie at the foundation of equity jurisprudence, may arise by implication out of general considerations of right and justice, where, as applied to the relations of the parties and the circumstances of their dealings, there is some obligation or duty to be enforced. Johnson v. Craig, 1947, 158 Fla. 254, 28 So.2d 696; Gables Racing Assoc., Inc. v. Persky, 1941, 148 Fla. 627, 6 So.2d 257; Town of Naples v. Naples Imp. Corporation, 1941, 147 Fla. 94, 2 So.2d 383; Foster v. Thornton, 1938, 131 Fla. 277, 179 So. 882; Jones v. Carpenter, supra.
The complaint before us is not brought upon a written contract charging the particular property upon which the lien is sought with a debt or obligation. Therefore, the problem for our determination is whether the complaint has sufficient allegations concerning the relations of the parties and the circumstances of their dealings from which a court of equity could properly conclude out of a general consideration of right and justice that an equitable lien should be declared on the land in question.
In analyzing the complaint before us, we find allegations therein concerning these pertinent facts: that the defendants, Condor Merritt and his wife were owners of the subject property at the time they, through their attorney, made an agreement with the plaintiff. As part of that agreement, the plaintiff in good faith rendered services which were permanently beneficial and greatly enhanced the value of defendants' property; that the services were performed with the knowledge of the defendants and that the defendants knew the plaintiff expected to be paid for his services; that defendants' attorney requested of the plaintiff to postpone billing for *729 services until the work had been completed; that the work has been completed and notwithstanding demand, plaintiff has not been paid; that defendants' statements were misleading and lulling assurances made through their attorney on which plaintiff relied to his disadvantage; that plaintiff is without an adequate remedy at law and defendants are unjustly enriched.
Defendants in support of their position that the complaint does not state a cause of action rely upon Jennings v. Beeman Investment Co., Fla.App. 1965, 177 So.2d 66, wherein it was said, "To entitle one to such a lien there must be circumstances such as fraud or misrepresentation of essential facts upon which the lender or contractor relied in good faith * * *" Fraud or misrepresentation has not been specifically alleged in the instant complaint.
We are not disposed to bind the hands of equity with the shackles of specificity. While allegations of fraud or misrepresentation have been a ground for equitable relief, "the court of conscience" is not limited to these grounds to administer right and justice. Allegations of wrongdoing, Rood Co. v. Luber, Fla. 1956, 91 So.2d 629, or allegations of reprehensible conduct, Clutter Constr. Corp. v. Clutter, Fla.App. 1965, 173 So.2d 761, will suffice.
The equitable lien is a remedial device employable in a wide variety of situations to achieve an equitable result. The phrase "general consideration of right and justice" is not indicative of specific inclusions or exclusions. The chief utility of the equitable lien lies in its broad adaptability. Although summarization of the equitable lien is risky, a few observations may be noted. The equitable lien is a creature of equity and thus general equitable principles are applicable. The adequacy or inadequacy of a legal remedy is important. Fraud, misrepresentation, deception and mistake are significant factors to consider as is the prevention of unjust enrichment.
The allegations of the complaint set forth a plan on the part of the defendants to avoid doing the very thing that they had agreed to do and on the basis of which they had obtained the services from the plaintiff. Fundamental concepts of equity would require that these defendants be required to do that which in equity and good conscience they should have done voluntarily. Equitable liens may arise by operation of law from the conduct of the parties from a variety of transactions to which equity will cause them to attach. Dewing v. Davis, Fla.App. 1960, 117 So.2d 747.
We determine that the complaint alleged sufficient facts to state a cause of action for an equitable lien and to withstand a motion to dismiss on the principles hereinabove announced. Accordingly, the final decree dismissing with prejudice plaintiff's third amended complaint is reversed and the cause is remanded with directions for further proceedings consistent with this opinion.
Reversed and remanded.
McCAIN and REED, JJ., concur.