NATHAN, Judge.
Although several points are raised by appellant bank in this action, the sole question which merits discussion herein is whether a mortgagee can waive the priority of its mortgage over mechanic’s liens where the mortgagee induced the lien claimants to continue to furnish construction materials and labor while simultaneously refraining from filing lien claims absent fraud or active misrepresentation on the part of the mortgagee. We answer this question in the negative given the facts before us.
Appellees are subcontractors who furnished labor and materials for the construction of the Gallery Condominium. Appellant was the mortgagee on the construction loan for the project. At one time or another, the appellees were all assured by Clyde Brantley, the appellant bank’s vice president in charge of construction loans, that there were sufficient funds in the construction loan account to complete the project; that they should continue to furnish labor and materials; that there was no need to file mechanic’s liens; and, finally, that Brantley would do everything in his power to see to it that the subcontractors were paid, including the issuance of joint checks, if necessary.
The trial judge found that appellees had relied upon Brantley’s statements, which induced them to continue furnishing labor and materials without filing liens. It was therefore ruled that appellant had waived the priority of its mortgage over the mechanic’s liens which were ultimately filed by the appellees.
We do not agree with this conclusion. The trial court specifically found that Brantley’s statements were neither fraudulent nor untrue; nor had any misrepresentations been directed toward the appellees. In light of this finding, which is supported by the record, we hold that the trial court erred as a matter of law in ruling that appellant waived the priority of its mortgage over appellees’ liens. Cf. Merritt v. Unkefer, 223 So.2d 723 (Fla.1969), quashing Unkefer v. Merritt, 207 So.2d 726 (Fla. 4th DCA 1968); see also Kimbrell v. Fink, 78 So.2d 96 (Fla.1955); J. G. Plumbing Service, Inc. v. Coastal Mortgage Co., 329 So.2d 393 (Fla.2d DCA 1976). See this writer’s opinion in Gancedo Lumber Co., Inc. v. Flagship First National Bank of Miami Beach, 340 So.2d 486 (Fla.3d DCA 1976).
As we have held that appellant has not waived the priority of its mortgage over the appellees’ claims, there is no need to consider the remaining points on appeal.
Reversed.