DOWNEY, Judge.
William A. Meyer, Jr., died in an airplane accident January 15, 1979, leaving as the sole asset of his estate a home located in Fort Pierce, Florida. Shortly prior to his death Meyer delivered a letter to appellee, Edwin Schwartz, wherein he promised to give appellee a second mortgage on specific real property to secure a loan of $20,000. However, Meyer died without executing the mortgage. Thus, appellee filed a timely Notice of Claim in the Meyer Estate in which appellee claimed an equitable lien on this real property. The appellant, as Personal Representative, filed his objection thereto and this litigation ensued.
Appellant states the sole issue involved is “whether or not an equitable lien can be impressed upon a decedent’s real property after his death, where the Personal Representative has no notice or knowledge of the indebtedness and the promise to execute a second mortgage.” It is appellant’s contention that the trial court erred in impressing an equitable lien on the realty in question because he is entitled, as Personal Representative, to possession of said real property during the administration of the estate. Appellant does not contend that appellee would not be entitled to an equitable lien if the Personal Representative had notice thereof at the time of Meyer’s death.
*311 An equitable lien may arise from a written contract showing an intention to charge property with a particular debt. Town of Naples v. Naples Improvement Corp., 147 Fla. 94, 2 So.2d 383 (Fla.1941); Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (Fla.1925); Blumin v. Ellis, 186 So.2d 286 (Fla. 2d DCA 1966), cert. denied 189 So.2d 634 (Fla.1966). It is undisputed here that appellee has a written contract in which Meyer agreed to encumber specific property with a second mortgage to secure the loan. Thus, this record justified the finding that appellee was entitled to an equitable lien on the property in question. The attempted enforcement of that lien during the administration of the estate may well give rise to some of the problems envisioned by appellant such as the right of bona fide purchasers and prior lienholders vis-a-vis appellee. However, the possibility of the existence of such prior claims does not preclude the establishment now of appellee’s equitable lien claim. The priority of that lien was not adjudicated below nor have we considered that issue.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.