Mr. Frank A. Baker Attorney for Jackson County Board of County Commissioners 4431 Lafayette Street Marianna, Florida 32446
Dear Mr. Baker:
You have asked for my opinion on substantially the following questions:
1. Is section 125.35, Florida Statutes, applicable to the proposed sale of lands by Jackson County if those lands have been deeded to the county under the provisions of section 197.502(8), Florida Statutes (1996 Supplement)?
2. Is a county authorized, after a default in the payment of taxes, to file an equitable proceeding to establish and foreclose its lien arising by reason of unpaid ad valorem taxes or unpaid Municipal Services Taxing Unit special assessments?
In sum:
1. Section 125.35, Florida Statutes, is applicable to the proposed sale of lands by Jackson County if those lands have been deeded to the county under the provisions of section 197.502(8), Florida Statutes (1996 Supplement), and the county commission has determined that the sale of this real property is in the best interest of the county.
2. The procedures set forth in Chapter 197, Florida Statutes, are the exclusive method for the enforcement of liens imposed by the sale of a tax certificate.
According to your letter, Jackson County is the site of various lands on which a significant amount of ad valorem and municipal service taxing unit annual assessments are unpaid. In the last four or five years, a very large number of these pieces of property have been the subject of sales of tax certificates under section 197.432, Florida Statutes. These attempted sales of certificates generally result in no sales, with the effect that the property is placed on the list of "lands available for taxes," pursuant to section 197.502(7), Florida Statutes. Lands are maintained on this list for a period of seven years, after which the property is deeded to the county by the clerk of court as required by section 197.502(8), Florida Statutes.
Question One
You ask whether property that has been deeded to the county as described above may be sold using the procedure in section 125.35, Florida Statutes, which provides generally for the sale of county real and personal property.
Section 125.35, Florida Statutes, provides:
"(1)(a) The board of county commissioners is expressly authorized to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best[.]"
The statute imposes notice requirements for such a sale and authorizes the county commission to arrange for the private sale of small parcels to adjoining property owners.[1]
Section 125.35, Florida Statutes, authorizes the board of county commissioners to "sell and convey any real property" belonging to the county. The term "any" is usually understood[2] to be "a word which is broad and general, and comprehensive, and is broadly inclusive, and all embracing . . . it negatives the idea of exclusion, and is applied indifferently."[3]
The property deeded to the county by the clerk of court as required by section 197.502(8), Florida Statutes (1996 Supplement), is real property belonging to the county. Assuming that the board of county commissioners has made a determination that it is in the county's best interest to sell this property, section 125.35, Florida Statutes, would control its disposition.
Thus, it is my opinion that section 125.35, Florida Statutes, is applicable to the proposed sale of lands by Jackson County if those lands have been deeded to the county under the provisions of section 197.502(8), Florida Statutes (1996 Supplement), and the county commission has determined that the sale of this real property is in the best interest of the county.[4]
Question Two
It is the general rule in Florida that the lien for an assessment is purely statutory.[5] No lien can be enforced in the absence of legislative authority to impose a special assessment against the property involved.[6] As specifically recognized in section197.122(2), Florida Statutes, "[a] lien created through the sale of a tax certificate may not be foreclosed or enforced in any manner except as prescribed in this chapter."[7] Similarly, with regard to the enforcement of liens for delinquent ad valorem taxes, section 197.432(2), Florida Statutes, provides that "[a] lien created through the sale of a tax certificate may not be enforced in any manner except as prescribed in this chapter."
Thus, it is my opinion that the provisions of Chapter 197, Florida Statutes, are the exclusive method for enforcing liens created through the sale of tax certificates for unpaid ad valorem taxes and special assessments.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Sections 125.35(1)(b) and (2), Fla. Stat.
[2] When a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense.See, Milazzo v. State, 377 So.2d 1161 (Fla. 1979); SoutheasternFisheries Association, Inc. v. Department of Natural Resources,453 So.2d 1351 (Fla. 1984).
[3] 3A C.J.S. Any 903; Ops. Att'y Gen. Fla. 86-54 (1986) and 83-90 (1983).
[4] Cf., Op. Att'y Gen. Fla. 83-19 (1983) in which this office concluded that the board of county commissioners was authorized to sell real property acquired with grant money from the federal "Green Span Program" if the board determines that it is in the best interest of the county to do so and complies with the other requirements of s. 125.35, Fla. Stat.; and Op. Att'y Gen. Fla. 77-52 (1977).
[5] See, generally, 48 Fla. Jur.2d Special Assessments s. 41;Town of Naples v. Naples Improvement Corporation, 2 So.2d 383
(Fla. 1941) (where the court declined to impose an equitable lien for the street improvements effected by a town under its statutory authority, no attempt having been made by it to perfect a statutory lien).
[6] Id.
[7] A "tax certificate" is defined for purposes of this chapter as:
"[A] legal document, representing unpaid delinquent real property taxes, non-ad valorem assessments, including special assessments,
interest, and related costs and charges, issued in accordance with this chapter against a specific parcel of real property and becoming a first lien thereon, superior to all other liens, except as provided by s. 197.573(2)." (e.s.)
[8] See, e.g., 52 Fla. Jur.2d Taxation s. 21:250 (As of July 1, 1973, the procedure specified in Florida Statutes Chapter 197 became the exclusive means of enforcing the lien of a tax sale certificate. But certificates issued before that date can still be enforced by private action, at least if they were not once held by a county, and these old certificates have a life of twenty years. So, if any are still in existence, private foreclosure is conceivable through the middle of 1993.)